IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| BERNARD GRAHAM, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | **28 U.S.C. § 2255 Case No.** |
| | : | 1 : 13-CV-90166 (WLS) |
| | : | |
| UNITED STATES OF AMERICA, | : | **Criminal Case No.** |
| | : | 1 : 11-CR-12-007 (WLS) |
| | : | |
| | : | |
| Respondent. | : | |

**ORDER and RECOMMENDATION**

Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255, filed on March 22, 2013 (Doc. 738), is before this Court for the issuance of a recommendation of disposition pursuant to Rule 8 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

**Procedural History**

By means of a superseding information, the Petitioner was charged in this Court on December 2, 2011, with one count of distribution of a Schedule II controlled substance, to wit, crack cocaine. (Doc. 493). Petitioner entered a guilty plea to Count One of the superseding information on December 2, 2011. (Doc. 497). Petitioner was sentenced to a

term of imprisonment of 180 months on March 22, 2012. (Doc. 619).

In his § 2255 motion, Petitioner alleges that he received ineffective assistance of counsel in that his attorney failed to adequately advise him regarding his guilty plea. (Doc. 738). Petitioner's original § 2255 motion proceeds on three specific alleged instances of ineffective assistance of counsel, as follows:

> 1) trial counsel failed to inform the Petitioner as to the actual guidelines range for sentencing;
>
> 2) trial counsel failed to inform Petitioner that the only evidence against him was one sale of crack cocaine; and
>
> 3) trial counsel failed to challenge Petitioner's career offender enhancement, and failed to inform Petitioner that said enhancement could be challenged.

*Id.*

***Motion to Amend***

On August 28, 2013, the Petitioner executed a Motion to Supplement, wherein he appears to seek to add a claim of ineffective assistance of counsel to his original § 2255 Petition. (Doc. 805). Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

> 1. ***Amending as a Matter of Course.*** A party may amend its pleading once as a matter of course within:
> **(A)** 21 days after serving it, or
> **(B)** If the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under rule 12(b), (e), or (f), whichever is earlier.

>   2. *Other Amendments*.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Because Petitioner's motion seeking to amend his § 2255 Motion was filed more than twenty-one (21) days after the government's response to his original § 2255 Petition, the Petitioner may not amend his Petition as of right under Rule 15(a)(1) of the Federal Rules of Civil Procedure.  Thus, Plaintiff seeks to add to his § 2255 Petition by leave of court.  The decision whether to grant leave to amend a pleading is within the sound discretion of the district court and is not automatic.  *Nat'l. Service Industries, Inc. v. Vafla Corp*, 694 F.2d 246, 249 (11th Cir. 1982).  Although the decision to grant or deny a motion to amend a complaint is within the discretion of the court, "a justifying reason must be apparent for denial of a motion to amend."  *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993).  The Court may consider "such factors as 'undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of the amendment.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

A review of Petitioner's proposed new claim reveals that the new claim of ineffective assistance of counsel is untimely filed.  Pursuant to 28 U.S.C. § 2255 (f)(1), a 1-year period of limitation applies to a § 2255 motion, running from the date on which the judgment of conviction becomes final.  Petitioner's conviction became final on April 11, 2012, the date on which

Petitioner's right to appeal his conviction expired. (Doc. 636); *Clay v. United States*, 537 U.S. 522 (2003)(judgment becomes final once the defendant exhausts or foregoes his opportunity to pursue a direct appeal); Fed. R. App. P. 4 (b)(1)(A)(providing criminal defendant 14 days after the entry of judgment to file notice of appeal). Claims filed more than one year after this date of finality, or after April 11, 2013, are clearly untimely. The Petitioner's Motion to Supplement his § 2255 claims was filed on August 28, 2013, more than four (4) months after the expiration of the one-year statute of limitations.

Moreover, it does not appear that the proposed amended claim would relate back to the date of the original Petition. Although, pursuant to Fed.R.Civ.P. 15(c), an amendment to a § 2255 motion may relate back to the date of the original pleading, "the untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings." *Davenport v. United States,* 217 F.3d 1341, 1344 (11th Cir. 2000). "Instead ... the untimely claim must have arisen from the 'same set of facts' as the timely filed claim, not from separate conduct or a separate occurrence in 'both time and type.'" *Id.; Mayle v. Felix,* 545 U.S. 644, 645 (2005) ("An amended habeas petition does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.")

The new claim of ineffective assistance of counsel which the Petitioner outlines in his Motion to Supplement pertains to conduct or occurrences separate and distinct from his original § 2255 claims of alleged ineffective assistance of counsel. Namely, Petitioner now

4

claims his counsel was ineffective for failing to file and pursue an appeal, which claim was not raised in the original Petition. *See Mabry v. United States*, 336 Fed.appx. 961, 964 (11th Cir. 2009 (new claim of ineffective assistance of counsel did not relate back to original claims of ineffectiveness, as claims involved different aspects of counsel's performance); *United States v. Gonzalez*, 592 F.3d 675, 680 (5th Cir. 2009) ("New claims of ineffective assistance of counsel do not automatically relate back to prior ineffective assistance claims simply because they violate the same constitutional provision."). Accordingly, Petitioner's Motion to Supplement is hereby **DENIED**.

### Legal Standards

Section 2255 provides that:

> a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

If a prisoner=s 2255 claim is found to be valid, the court Ashall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.@ *Id.*

In order to establish that his counsel's representation was constitutionally defective, the

Petitioner must show (1) that his counsel's representation was deficient, and (2) that the Petitioner was prejudiced by his counsel's alleged deficient performance. *Strickland v. Washington*, 466 U.S. 668 (1984); *Smith v. Wainwright*, 777 F.2d 609, 615 (11th Cir. 1985).

"Our role in collaterally reviewing [] judicial proceedings is not to point out counsel's errors, but only to determine whether counsel's performance in a given proceeding was so beneath prevailing professional norms that the attorney was not performing as 'counsel' guaranteed by the sixth amendment." *Bertolotti v. Dugger*, 883 F.2d 1503, 1510 (11th Cir. 1989). The two-prong *Strickland* test applies to guilty plea challenges, although A[i]n the context of a guilty plea, the first prong of *Strickland* requires petitioner to show his plea was not voluntary because he received advice from counsel that was not within the range of competence demanded of attorneys in criminal cases, while the second prong requires petitioner to show a reasonable probability that, but for counsel=s errors, he would have entered a different plea.@ *Woolsey v. United States*, 2011 WL 195412, *2 (M.D.Fla.)(citing *Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985)). Thus, the prejudice requirement Afocuses on whether counsel=s constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the >prejudice= requirement, the defendant must show that there is a reasonable probability that, but for counsel=s errors, he would not have pleaded guilty and would have insisted on going to trial.@ *Hill,* 474 U.S. at 59.

The *Strickland* court stated that "[a] court need not determine whether counsel's

6

performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland*, 466 U.S. at 697.

> [A]ctual ineffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice. . . . It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding . . [rather][t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. . . . In making the determination whether the specified errors resulted in the required prejudice, a court should presume, absent challenge to the judgment on grounds of evidentiary insufficiency, that the judge or jury acted according to law.

*Strickland*, 466 U.S. at 693-694.

In evaluating whether Petitioner has established a reasonable probability that the outcome would have been different absent counsel's alleged errors, a court "must consider the totality of the evidence before the judge or jury." *Brownlee v. Haley*, 306 F.3d 1043, 1060 (11th Cir. 2002).

"As to counsel's performance, 'the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices.'" *Reed v. Sec'y. Fla. Dep't. of Corr.*, 593 F.3d 1217, 1240 (11th Cir. 2010)(quoting *Bobby v. Van Hook*, 130 S.Ct. 13, 17 (2009)). A court must "judge the reasonableness of counsel's conduct on the facts of the

particular case, viewed as of the time of counsel's conduct." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000).  In order to find that counsel's performance was objectively unreasonable, the performance must be such that no competent counsel would have taken the action at issue. *Hall v. Thomas*, 611 F.3d 1259, 1290 (11th Cir. 2010).

As observed by the Eleventh Circuit, the standard for ineffective assistance of counsel

> has nothing to do with what the best lawyers would have done.
> Nor is it the test even what most good lawyers would have done.
> We ask only whether some reasonable lawyer at the trial could
> have acted, in the circumstances, as defense counsel acted at trial.
> Courts also should at the start presume effectiveness and should
> always avoid second guessing with the benefit of hindsight.
> *Strickland* encourages reviewing courts to allow lawyers broad
> discretion to represent their clients by pursuing their own strategy.
> We are not interested in grading lawyers' performances; we are
> interested in whether the adversarial process at trial, in fact,
> worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992).

In regard to a guilty plea, the Constitution requires "that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make related waivers 'knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences.'" *U.S. v. Ruiz*, 536 U.S. 622, 629 (2002) (citing *Brady v. United States*, 397 U.S. 742, 748 (1970)).  A court accepting a guilty plea must ensure that a defendant "enters his guilty plea free from coercion, understands the nature of the charges, and understands the consequences of his plea." *U.S. v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005)(internal enumeration omitted).  The Supreme Court has determined that "the representations of the

defendant [at a plea proceeding] as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity.@ *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

## Evidentiary Hearing

The Petitioner bears the burden of establishing that an evidentiary hearing is needed to dispose of his § 2255 motion. *Birt v. Montgomery*, 725 F.2d 587, 591 (11th Cir. 1984). "A federal habeas corpus petitioner is entitled to an evidentiary hearing if he alleges facts which, if proven, would entitle him to relief." *Futch v. Dugger*, 874 F.2d 1483, 1485 (11th Cir. 1989). The Court is not required to hold an evidentiary hearing, however, where the record makes "manifest the lack of merit of a Section 2255 claim." *United States v. Lagrone*, 727 F.2d 1037, 1038 (11th Cir. 1984). "[If] the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schirro v. Landrigan*, 550 U.S. 465, 474 (2007). The record herein is sufficient to evidence that Plaintiff's claims lack merit, and therefore no evidentiary hearing is necessary.

## Grounds for Relief

*Sentencing guidelines*

In his first ground for relief, the Petitioner alleges that his trial counsel was ineffective in failing to provide Petitioner with an accurate guideline range estimate. Petitioner maintains that counsel informed him he would receive a sentence of between five and seven years (60-

84 months), when the actual guideline range determined by U.S. Probation and used by the Court was 151-188 months, after an enhancement.

At his plea hearing, the Court informed the Petitioner and he responded as follows:

> THE COURT:  . . . this offense . . . carries a maximum sentence of up to 20 years in prison, a maximum fine of $1 million.  It could be both the 20 years in confinement and a fine of $1 million.  . . . Do you understand that as being the maximum possible penalty for a conviction of this offense?
>
> DEFENDANT GRAHAM:  Yes, sir.

(Doc. 795, pp. 10-11).

> THE COURT:   . . . in sentencing you [the Court] would have to take into advisement and into account the advisory sentencing guideline [sic].  Do you recall discussing those with Mr. Collum?
>
> DEFENDANT GRAHAM:  Yes, sir.
>
> THE COURT:  I remind you that the advisory sentencing guidelines are determined based upon a Presentence Investigation Report that's prepared by the probation office. . . [and] an advisory guideline range for your case would be determined and expressed in months.   Do you understand that?
>
> DEFENDANT GRAHAM:  Yes, sir.

*Id.* at 21, 22.

> THE COURT:  . . . prior to pleading guilty to this charge, your lawyer may have told you or counsel for the government or others may have told you what they believed the advisory guideline range will be for this case at the time of sentencing. The fact is no one knows with certainty at this time what the advisory guideline range would be in fact.  It could turn out what they predicted it to be, it could be longer, or it could be shorter. .

. Do you understand that?

DEFENDANT GRAHAM: Yes, sir.

*Id.* at 25.

Petitioner was informed that if the sentence ended up being different than what was set out in the plea agreement, that would not provide a basis for withdrawing his guilty plea. *Id.* at 8.

At sentencing, Petitioner's counsel urged the Court to depart downward from the 151-188 month range that had been determined and was set out in Petitioner's Presentence Report, asking instead for a sentence of 115 months, "which would be the high end of the guideline range if he had not been found a career offender." (Doc. 796, p. 9). The Petitioner, both through counsel and by his own statement, responded in the affirmative when asked if he had read the Presentence Report, containing the 151-188 month guideline range. (Doc. 796, pp. 3, 5; Doc. 614, ¶ 67). The Court discussed with Petitioner his career offender status, in place as a result of the number of Petitioner's prior drug convictions, and which resulted in a harsher penalty for the Petitioner. *Id.* at 10.

In order to establish deficient performance of counsel, the performance must be such that no competent counsel would have taken, or would have failed to take, the action at issue. *Hall*, 611 F.3d at 1290. Moreover, Petitioner must overcome the presumption that counsel's performance was constitutionally adequate. To do so, "a petitioner must not present evidence merely to refute the presumption. Rather, the petitioner must present evidence that outweighs the presumed evidence of competence. . . . "where the record is incomplete or unclear about

[counsel's] actions, we will presume that he did what he should have done, and that he exercised reasonable professional judgment." *Harvey v. Warden, Union Correctional Institution*, 629 F.3d 1228, 1239 (11th Cir. 2011) (quoting *Chandler v. United States*, 218 F.3d 1305, 1314, n.15 (11th Cir. 2000)).

Petitioner has failed to present any evidence that the alleged failure on counsel's part to inform Petitioner as to the applicable guideline range rose to the level of constitutionally deficient performance and/or prejudice to the Petitioner. The record reflects that counsel tried to obtain a reduced sentence, using the reduced guideline range, and that Petitioner was fully informed and said he understood that the range could differ from what counsel stated it to be prior to the entry of a guilty plea. The Court specifically informed the Petitioner that prior to the entry of his guilty plea, no one knew for sure what the guidelines range determination would be, as it would be determined by the U.S. Probation Office. Petitioner acknowledged having read the Presentence Report with the 151-188 month range provided therein. Given the totality of the information provided to the Petitioner regarding the calculation of the guidelines range and the ultimate sentence determination by the Court, the Court can discern no prejudice, such that, but for counsel's errors, Petitioner would not have pleaded guilty and would have insisted on going to trial. Accordingly, this ground will not support the granting of federal habeas relief.

*Evidence*

In Ground Two of this Petition, the Petitioner asserts that counsel failed to inform him

"that there was no credible evidence of [his] involvement in the conspiracy and that the only possible evidence was that [he'd] made one sale of 8.7 g of cocaine base." (Doc. 738, p. 4 ).

There is no indication herein that the evidence against the Petitioner failed to set forth his participation in a conspiracy or was limited to one sale of 8.7 g of cocaine base. The record in fact refutes the Petitioner's contentions in this regard. Petitioner stipulated in the plea agreement to his participation in at least two (2) specific sales of cocaine base, with Petitioner's sentence to be based on the sale of a total of 52.9 grams of cocaine base. (Doc. 496, pp. 10, 11). At the plea hearing, the government set out the evidence which would have been presented at trial, including Petitioner's involvement with co-defendants in two (2) cocaine base sales totaling 52.9 grams. (Doc. 795, pp. 29-31). Petitioner stated that he heard the recitation of the evidence and believed it to be a fair statement of his involvement. *Id.* at p. 31, 32. Petitioner was given the opportunity to add to or correct the statement of facts but declined to do so. *Id.* at p. 32.

Petitioner has failed to come forth with sufficient facts to show that counsel was deficient in failing to inform him as to the limited evidence against Petitioner, and has failed to establish any prejudice resulting therefrom. Accordingly, this ground will not support the granting of federal habeas relief.

*Objection to career offender status*

In his third ground for relief, the Petitioner asserts that trial counsel did not "inform me that my career offender enhancement could be defended against, nor did he even try." (Doc.

13

738, p. 4).

At the beginning of his sentencing hearing, Petitioner's counsel raised an objection as to the characterization of Petitioner's prior convictions underlying his career offender status, as follows:

> my client, as to paragraph 26 of the Presentence Investigation Report [wherein Petitioner was found to be a career offender], stated that he believed that the conviction that was identified in that paragraph was not a possession with intent to distribute but was a mere possession charge.

(Doc. 796, p. 4).

Petitioner's counsel then asserted that the guideline range, with the career offender enhancement, was too high given Petitioner's limited involvement in the drug crimes at issue, and asked for a sentence that would have been in the guideline range if Petitioner had not been found to be a career offender. *Id.* at 9.

The Court ultimately overruled Petitioner's objection to the categorization of his past convictions that led to the career offender status, and found that

> the long and short of it is, you get to be considered a career offender by the fact that you had a certain number of prior convictions after you became an adult. . . [Y]ou have had four prior felony drug convictions. So that's how you were able to be qualified to be a career offender . . . [I]t is not the weight of the particular circumstance [sic] in the case that causes you to fall where you fall but it is the repeated conduct.

*Id.* at 10, 11.

Thus, contrary to Petitioner's assertion in Ground Three of this Petition, his counsel did

14

raise and the Court considered an objection to Petitioner's classification as a career offender. Moreover, the final Presentence Investigation Report reflects this same objection to Petitioner's career offender status by the Petitioner. (Doc. 614, addendum). Petitioner's counsel therefore did not render deficient performance in this regard.

## Conclusion

The Petitioner has failed to show that his attorney's performance was deficient, or that Petitioner was prejudiced by his attorney's performance, such that there was a reasonable probability that but for counsel's errors, Petitioner would not have pled guilty. WHEREFORE, it is recommended that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order. If the Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

**SO ORDERED and RECOMMENDED**, this 24th day of September, 2013.

s/ ***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE