IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| BERNARD GRAHAM, | : |
| Petitioner, | : |
| v. | : Case No.: 1:11-cr-12-7 (WLS) |
| UNITED STATES OF AMERICA, | : |
| Respondent. | : |

**ORDER**

Petitioner Bernard Graham is serving a 180-month prison sentence for distribution of crack cocaine. On March 22, 2013, he filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, claiming he received ineffective assistance of counsel during his guilty plea and sentencing.

Graham's case is now before the Court on an Order and Recommendation from a United States Magistrate Judge. In the Order and Recommendation, the magistrate judge denied a pending motion to amend and also recommended that the Court deny Graham's § 2255 motion on the merits. Graham objects to both the Order and the Recommendation. Nevertheless, after a full review of the record and briefings, the Court adopts the Order and Recommendation in full.

**I.    Standards of Review**

District courts review a magistrate judge's decision on a motion to amend for clear error. Fed. R. Civ. P. 72(a); *see Palmore v. Hicks*, 383 F. App'x 897, 899 (11th Cir. 2010) ("An order disposing of a motion to amend is a non-dispositive pretrial ruling."). "Clear error is a highly deferential standard of review. . . . As the Supreme Court explained, a 'finding is "clearly erroneous" when although there is evidence to support

1

it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1351 (11th Cir. 2005) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)).

The Court reviews the Recommendation to deny the motion *de novo*. Fed. R. Civ. P. 72(b).

## II. Motion to Amend

The Court first addresses Graham's objection to the denial of his motion to amend. The magistrate judge denied Graham's motion as futile because his proposed amendment seeks to add an untimely claim—ineffective assistance of counsel for failure to file a notice of appeal—that does not relate back to his ineffective assistance claims at the guilty plea and sentencing stages. Graham objects to this ruling on several grounds. He claims the proposed amendment merely supports his initial allegations and does not seek to add an additional claim. He also argues the magistrate judge should have considered equitable tolling and § 2255(f)(4) as possibilities for allowing the amendment.

The magistrate judge did not err in denying Graham's motion. Although motions to amend should be "liberally granted," a court may deny leave to amend as "futile." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999). A motion to amend is futile if the amended complaint is subject to dismissal. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). Here, the complaint as amended would be subject to dismissal because Graham seeks to add a claim more than one year after his conviction became final.

The Court also agrees with the magistrate judge that Graham's amendment does not "relate back" to his initial claims. "[I]n order to relate back, the untimely claim must have arisen from the 'same set of facts' as the timely filed claim, not from separate conduct or a separate occurrence in 'both time and type.'" *Davenport v. United States*, 217

2

F.3d 1341, 1344 (11th Cir. 2000) (quoting *United States v. Pittman*, 209 F.3d 314, 318 (4th Cir. 2000)). The failure to file a notice of appeal is different in both time and type from Graham's ineffective assistance claims at guilty plea and sentencing. *See United States v. Gonzalez*, 592 F.3d 675, 680 (5th Cir. 2009) (holding that failure to file a notice of appeal was different in time and type from errors that arose before trial and at sentencing).

Graham's argument that his "Motion to Supplement" did not seek to add an additional claim is disingenuous. The motion itself states that he "respectfully submits that his motion to supplement his pleadings with the two exhibits falls within Rule 15 and that his claim that his attorney should have filed a notice of appeal and pursued his appeal is a claim that relates back to his original pleadings in the instant case." But even if Graham offers the amendment to expound on his initial allegations, the motion still would be futile because his entire petition is due to be dismissed on the merits. *See infra*.

Finally, neither section 2255(f)(4) nor the doctrine of equitable tolling excuse the untimely amendment. Within a month of judgment, Graham could have discovered with the exercise of due diligence that his attorney did not file a notice of appeal by writing his attorney or requesting a copy of the case files from the clerk of the court. The record shows that Graham was well aware of those options, as he wrote his attorney and requested copies of files from the clerk of the court. In addition, Graham is not entitled to equitable tolling unless he can show (1) he pursued his rights diligently and (2) extraordinary circumstances prevented timely filing. *Williams v. United States*, 491 F.3d 1282, 1284 (11th Cir. 2007). Graham did not provide evidence or argument to show he satisfied either element.

For those reasons, the Court overrules Graham's objection on this issue and adopts the magistrate judge's order.

### III. Grounds for Relief

#### a. Miscalculation of the sentencing guidelines

Graham also objects to the magistrate judge's recommendation that the Court deny without an evidentiary hearing his first claim for relief. In his first claim, Graham alleges his attorney provided ineffective assistance of counsel by telling him his guilty plea would result in a five- to seven-year sentence and by incorrectly estimating his advisory guideline range. The Court agrees with the magistrate judge that this claim should be denied without an evidentiary hearing.

Even if Graham's attorney rendered deficient performance, the record refutes Graham's assertion that he suffered prejudice from the error. The change of plea hearing establishes that Graham entered his guilty plea with full knowledge of his sentencing exposure. During the colloquy, the Court explained to Graham that his offense carried a twenty-year maximum sentence, that no one could predict with certainty his advisory guideline range, and that he would not be able to withdraw his plea if the guideline range turned out to be different from his attorney's estimate. Graham said he understood these things. He also testified that no one made any promises or assurances outside of the written plea agreement to persuade his change of plea. The statements Graham made during the plea colloquy are presumed true. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). At sentencing, Graham did not raise any complaint or objection to his advisory guideline range, even though he had his attorney object to his classification as a career offender.

The record establishes that Graham would have pleaded guilty regardless of his attorney's alleged prediction. Courts have repeatedly held that incorrect guideline estimates do not render a plea involuntary where the defendant understands his maximum sentence. *Black v. United States*, No. 2:05-cv-1178-WKW, 2006 WL 3771449, at *9 n. 13 (N.D. Ala. Dec. 20 2006) (collecting cases); *see Holland v. United States*, 406 F.2d

4

213, 216 (5th Cir. 1969) ("The fact that a prediction, usually that a plea will result in a light sentence, does not pan out does not make the plea involuntary.").

This objection is therefore overruled.

### b. Evidence of Conspiracy

Graham next objects to the magistrate judge's recommendation that the Court deny his second ineffective assistance of counsel claim regarding his attorney's alleged failure to inform him "that there was no credible evidence of [his] involvement in the conspiracy and that the only possible evidence was that [he'd] made one sale of 8.7 g of cocaine base." The magistrate judge reasoned that this claim lacked merit because Graham admitted in his plea agreement and during the plea colloquy to participating in a drug conspiracy. The Court agrees.

Graham admitted at several stages that the Government could prove his participation in a conspiracy and that he would be held responsible for 52.9 grams of cocaine base. In addition, Graham does not provide any facts to show how he was prejudiced by this purported error. Because Graham did not allege facts entitling him to relief, and the record refutes his claim, the Court overrules this objection, too.

### c. Career Offender designation

Although Graham does not explicitly object to the magistrate judge's recommendation on his third claim for relief, the Court addresses it briefly. Graham claims in this third ground for relief that his attorney did not "inform [him] that my career offender enhancement could be defended against, nor did he even try." To the contrary, as the magistrate judge noted, Graham's attorney moved for a downward departure and challenged the presentence investigation report's description of one of his previous convictions. Moreover, Graham does not provide any allegations to show how he was prejudiced from this purported error. The record reflects he was correctly sentenced as a career offender.

### IV. Conclusion

Therefore, after a *de novo* review of the Recommendation and a clear error review of the Order, the Court finds that the Order and Recommendation should be, and hereby is, **ACCEPTED**, **ADOPTED**, and made the Order of this Court for the reason of the findings made and reasons stated therein, together with the findings made, reasons stated, and conclusions reached herein. Graham's motions are **DENIED**.[1]

Under Rule 11(a) of the Rules Governing Section 2254 and 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a § 2255 movant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003) (citations and quotation marks omitted). Because Graham did not present a reasonably debatable issue, the Court **DENIES** him a certificate of appealability.

**SO ORDERED**, this    17th    day of January, 2014.

         /s/ W. Louis Sands
         **W. LOUIS SANDS, JUDGE**
         **UNITED STATES DISTRICT COURT**

---

[1] The Court notes that Graham alleges in a memorandum accompanying his petition that his "attorney failed to prepare for the sentencing hearing, failed to present any evidence at the sentencing hearing, failed to move this court for a sentence below the guidelines and present evidence supporting grounds for same." Graham appears to include these arguments as part of the three grounds raised in his petition. To the extent they should be read as separate grounds for relief, however, the Court notes that Graham did not allege anything beyond these conclusory statements and certainly does not provide any facts showing he was prejudiced by these purported errors.